IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Silvia Stoimenova Houzouris, #105041     *

Plaintiff     *

v     *     Civil Action Case No.  JFM-10-420

RIKERS ISLAND WOMEN     *
CORRECTIONAL FACILITY
    *

Defendant

    ***

MEMORANDUM

     Silvia Stoimenova Houzouris, a Clifton T. Perkins Hospital Center inmate, brings this pro se complaint for one million dollars, including punitive damages, against Rikers Island Women [sic] Correctional Facility in New York.   The court will grant plaintiff's motion to proceed in forma pauperis and dismiss the complaint without prejudice for lack of jurisdiction.

     The court has reviewed this complaint under 28 U.S.C. § 1915, in light of *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *Estelle v. Gamble*, 429 U.S. 97 (1976), *Haines v. Kerner*, 404 U.S. 519 92 (1972), and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

**Background**

     Houzouris was confined at Rikers Island for five days in September of 2008, and was given a receipt for her stored property.  Houzouris claims that she was was never told that she had three months to reclaim the property after release.  Her "agents" were unable to collect the property because they lacked her notarized authorization.  When her agents returned in April, the property had been destroyed.  Houzouris does not specify the nature of the items destroyed, but

1

characterized them as having sentimental value and "family heirloom" status. Complaint. She claims that she has suffered great stress as a result of the loss. Houzouris indicates that she has a pending property complaint with the City of New York.

**Analysis**

Federal courts are courts of limited jurisdiction "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). As such, this court must first determine whether there is a proper basis for exercising jurisdiction over this case. *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) (providing that "[w]henever it appears... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

Federal jurisdiction exists where a federal question is presented or there is diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331 & 1332. Federal question jurisdiction is satisfied when a civil claim arising under the Constitution or laws of the United States. *See* 28 U.S.C. § 1331. Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between inter alia citizens of different states. *See* 28 U.S.C. § 1332(a)(1). A plaintiff must allege the facts essential to show jurisdiction in his or her pleadings. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 (1936)); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). Houzouri alleges neither a basis for federal question jurisdiction nor claims diversity of citizenship of the parties.

Houzouris does not state her place of domicile prior to incarceration. Incarcerated inmates usually retain the domicile they had prior to incarceration for the purpose of ascertaining diversity jurisdiction. *See e.g. Smith v. Cummings*, 445 F.3d 1254 (10th Cir. 2007); *Sullivan v. Freeman,* 944 F.2d 334, 336 (7th Cir. 1991); *Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir.

1973); *Ownby v. Cohen*, 19 F. Supp. 2d 558, 562 (W.D. Va. 1998), citing *Price v. Carr-Price*, 23 F.3d 402, (4th Cir. 1994) (unpublished). Further, she fails to identify the property that was destroyed, its pecuniary value, or the basis for its "family heirloom status." Additionally, Houzouris does not show that state law would allow for punitive damages against the defendant. Houzouris provides no information apart from her conclusory assertions to show the amount in controversy requirement for diversity jurisdiction is satisfied.

Even were there a jurisdictional basis for this matter to proceed, the claims at issue are pending administrative review in New York City. As such, consideration of this matter here is premature. In addition, to the extent Houzouris might intend to bring this claim as a prisoner civil rights action under 42 U.S.C. § 1983, she raises no federally cognizable claim. In order to state a claim under. § 1983, Houzouris must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. *See Rendall-Baker v. Kohn*, 547 U.S. 830, 838 (1982). Rikers Island is a prison, not a "person" subject to suit under § 1983. *See e.g. Preval v. Reno*, 203 F.3d 821 (4th Cir.2000) (unpublished). The facility is part of the New York City Department of Correction, an agency of the City of New York, and cannot be sued independently. *See Lauro v. Charles*, 219 F.3d 202, 205 n. 2 (2d Cir. 2000); *see, e.g., Bailey v. New York City Police Dep't*, 910 F.Supp. 116, 117 (E.D.N.Y.1996); N.Y.C. Charter, Ch. 17, § 396. Further, due process is not implicated where an inmate has a meaningful post-deprivation remedy for the destroyed or lost property. *See Parratt v. Taylor*, 451 U.S. 527 (1981), overruled on other grounds.

**Conclusion**

For the above reasons, the court will dismiss the complaint for lack of jurisdiction. A

separate order follows.

March 8, 2010                                         ____/s/_____
Date                                                  J. Frederick Motz
                                                      United States District Judge